In re CONTINENTAL AIRLINES
CORPORATION, et al., Debtors.

CONTINENTAL AIR LINES, INC., Texas International Airlines,
Inc., Plaintiffs,

v.

AIR LINE PILOTS ASSOCIATION, International, Charles W. Hall, Frances Calvin Earley, Rolfe L. Munson, Thomas E. Martin, Harold M. Baurer, Michael Ripley and W.R. Jackson, Defendants.

Bankruptcy No. 83–04019–H2–5.
Adv. No. 83–2386–H3.

United States Bankruptcy Court,
S.D.Texas,
Houston Division.

April 23, 1984.

Michael J. Madigan, Walter S. Cowger, Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., for plaintiffs.

Robert S. Savelson, Cohen, Weiss & Simon, New York City, for defendants.

ORDER GRANTING TEMPORARY INJUNCTIVE RELIEF AGAINST DEFENDANT AIR LINE PILOTS ASSOCIATION, INTERNATIONAL

T. GLOVER ROBERTS, Bankruptcy Judge.

At Houston in said district came on for consideration the Emergency Motion for Emergency Relief and for Hearing Thereon filed by Continental Air Lines, Inc. ("CAL"); and it appearing to the Court that as part of the relief requested in its Emergency Motion, CAL requests that this Court stay or enter an injunction against Defendant Air Line Pilots Association, International ("ALPA") preventing ALPA from going forward with certain scheduled ALPA disciplinary hearings for approximately 317 working CAL pilots all scheduled for the April 24, 1984 at 10:00 a.m. in Washington D.C. and ordering that ALPA reschedule said disciplinary hearings so as not to cause massive interference and unnecessary disruption to CAL's flight operations; and it further appearing that adequate, proper and sufficient notice has been given of CAL's Emergency Motion to ALPA, through its counsel of record, Messrs. Cohen, Weiss & Simon, of New York, New York.

At the hearing, the debtor (CAL) presented both substantial oral and documentary evidence in support of its request. At the conclusion of the debtor's case and its resting, ALPA (the unions) rested without presenting any evidence in defense of its position. The Court has examined and considered the pleadings filed, the arguments of counsel and the evidence presented, both oral and documentary, that CAL will suffer immediate and irreparable harm to its operations if injunctive relief is not granted to preclude ALPA from going forward with its disciplinary hearings as presently sched-

uled and that CAL has no adequate remedy at law.

Based on the record, this Court makes the following Findings of Fact and Conclusions of Law:

1. ALPA appears to be a creditor of CAL and its Chapter 11 estate.

2. ALPA's action in scheduling union disciplinary hearings at 10 o'clock a.m. on April 24, 1984 in Washington, D.C. for 317 airline pilots presently employed by CAL will cause irreparable harm to CAL in its operations and reorganization efforts in Chapter 11 for the following reasons:

a. For most CAL pilots, attendance in Washington, D.C. for the ALPA disciplinary hearings on April 24, 1984, would, because of the travel time involved in traveling to Washington, D.C., result in their being unavailable for work for the period April 23 through April 25, 1984.

b. The absence of a large number of CAL pilots who are scheduled to fly during the April 23–25, 1984 period would result in the cancellation of a large percentage of CAL's flights during that period, thereby being disruptive to the rehabilitative efforts of the debtor, this fact being undisputed by ALPA.

c. The absence from work during the April 23–25, 1984 period of a large number of CAL pilots scheduled to fly during that period would also cause significant disruptions of CAL's flight schedules both before and after that period due to the impact of applicable Federal Aviation Regulations that govern the length of time a pilot can legally fly during a particular period.

d. The cancellation of a large number of CAL flights would have an extremely serious negative effect on CAL's reputation and goodwill, extending far beyond the lost revenues associated with the cancelled flights themselves.

3. ALPA's disciplinary hearings scheduled for April 24, 1984 constitute an unreasonable harassment and interference with CAL's assets and operations and are contrary to the purposes of the reorganization provisions of Chapter 11 of the Bankruptcy Code, based upon the largely undisputed findings in paragraph 2 above.

4. Cognizant of the relationship of the Railway Labor Act and Norris-LaGuardia Act to this matter and also cognizant of the Court's limited jurisdiction to interpose itself in internal union matters with respect thereto, this Court nevertheless concludes that the April 24 ALPA disciplinary hearings against 317 working CAL pilots (a) will violate the provisions of Title 11 of the United States Code and (b) may also violate the provision of Railway Labor Act and/or the Labor Management Reporting and Disclosure Act by causing, inter alia, working pilots to withhold their services to CAL while they attend the hearing. The Court intends to take further testimony on these matters at the hearing referred to below.

5. From the record, it appears that an agreement could be made between CAL and ALPA such that the scheduling of the ALPA disciplinary hearings against the CAL pilots over a 30 to 60 day period can be accomplished so that there will be no adverse impact on CAL's operations and no interference with internal ALPA proceedings.

6. Under Section 362(a) and Section 105 of the Bankruptcy Code or pursuant to Bankruptcy Rule 7065, this Court has authority to enter such orders, process or judgments as may be appropriate to carry out the provisions of Title 11 of the United States Code, or, alternatively, to prevent irreparable harm to a party to this lawsuit if an adequate remedy at law is not available.

7. The Court as a court of equity finds that the ALPA hearings, being disruptive and damaging to the debtor's reorganization efforts, the interests of the assets of the estate and to the interests of in excess of $750 million of other creditors, as well as the equity security holders, involves concerted activity in which injunctive or stay relief is appropriate, despite the Norris-LaGuardia Act, or the Railway Labor Act, and that the issuance of such injunctive or

stay relief would be warranted under ordinary principles of equity.

8. The Court further finds that such activity is not threatened, but is real and the disruptive actions will be committed without the debtor's request for relief being granted, and that if the ALPA activities are allowed to go forward, the resulting loss of revenues to the debtor will cause substantial and irreparable injury and harm to the debtor, as evidenced by the uncontradicted testimony of the debtor's witnesses.

9. The Court finds that under equitable principles, it is under an obligation to balance the equities of the interests of the parties and to attempt to reach an accommodation between the various statutes if possible. The focus is therefore upon whether the debtor, the assets of the estate and the interests of the substantial creditors' groups and the equity security holders will suffer more from the denial of the relief requested than would the interest of the Unions from the granting of the relief. The Court specifically finds the debtors would be damaged and suffer more by allowing the ALPA hearings to proceed than would the Union's interests, who would be required to merely reschedule the hearings.

10. It was stipulated by the parties that ALPA intended to conduct the hearings for all 317 persons beginning at 10:00 a.m. on Tuesday, April 24, 1984 in Washington, D.C. This Court, takes notice of the common sense fact, that a rational, orderly disposal of each hearing, giving notice to the due process requirements afforded each person summonsed before the Hearing Board, within a short period of time, is a physical impossibility, and the Court therefore concludes that such a scheduling effort is an attempt by the Union to utilize the labor laws for purposes for which they were not intended and to use this hearing device as a improper subterfuge and a method to circumvent the bankruptcy laws in order to improperly disrupt the reorganization efforts of the debtor.

11. Based on these facts, the Court finds and concludes that, on balancing, the equities weigh heavily in favor of the debtor and against the Union and that the Union will suffer no discernible harm or damage to its interests by the staying and rescheduling in a rational manner of its hearing.

12. The Court finds and concludes that the debtor would be injured and suffer greatly from the denial of the requested relief, and that the policies of the statutes in question do allow a ground for accommodation, that being the rescheduling of the ALPA hearings in a manner conciliatory with the debtor's flight scheduling needs.

The Court notes its strong adherence to the following language in *NLRB v. Bildisco & Bildisco*, —— U.S. ——, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984):

> The fundamental purpose of reorganization is to prevent a debtor from going into liquidation, with an attendant loss of jobs and possible misuse of economic resources...

In this language, this Court finds the common ground necessary to reach an accommodation and balancing between the bankruptcy laws and the labor laws of this country. The Court takes notice of a fact in evidence in many other adversary proceedings in the CAL reorganization proceeding, that being, that in addition to the debtor's and creditors' interest, there are approximately 8,000 jobs at stake in this effort. Certainly, the common ground between the conflicting language of these statutes is the preservation of these jobs, and the most beneficial method of accomplishing this goal is at the bargaining table, not on the street in open antagonistic efforts toward the rehabilitative efforts, efforts, if successful, in which everyone loses, and a result which can be easily avoided.

Accordingly, it is therefore:

ORDERED, ADJUDGED and DECREED that ALPA, defendant herein, and its officers, employees and servants, including ALPA's "Hearing Board", be and hereby are stayed under Section 362 and en-

joined under Section 105 of the Bankruptcy Code from convening disciplinary hearings on April 24, 1984 in Washington, D.C., involving any airline pilots presently employed by CAL until a hearing takes place on whether continued injunctive relief will be granted. Meanwhile, the Section 362 stay is modified to allow ALPA to begin rescheduling efforts for the hearings in question. It is further

ORDERED, ADJUDGED and DECREED that a hearing to determine whether additional injunctive relief will be necessary in favor of CAL against ALPA to further stay and enjoin the commencement of ALPA's disciplinary hearings against airline pilots presently employed by CAL shall take place before this Court on the 1st day of May, 1984 at 1:00 o'clock p.m. This order shall remain in effect until such date and time; and it is further

ORDERED, ADJUDGED and DECREED that pursuant to Bankruptcy Rule 7065, CAL is not required to post a bond in this matter as a condition to the issuance of this special stay order; and it is further

ORDERED, ADJUDGED and DECREED that CAL and ALPA attempt in good faith to reach agreement on the scheduling of such disciplinary hearings prior to the date set for further hearings on continued injunctive relief in this matter; and it is further

ORDERED, ADJUDGED and DECREED that service of this order shall be adequate and sufficient on ALPA when personally delivered to the offices of Cohen, Weiss, & Simon, attorneys for ALPA, 330 West 42nd Street, New York, New York 10036, Attention, Robert Savelson or Mr. Bruce H. Simon of that firm; on the Air Line Pilots Association, International, 1625 Massachusetts Avenue, N.W., Washington, D.C. 20036, Attention, Captain Henry Duffy, President; and on Mr. W.A. Murphey, Chairman, ALPA Hearing Board, Air Line Pilots Association, 1625 Massachusetts Avenue, N.W., Washington, D.C. 20036.